Filed 4/9/21  P. v. Newell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

|  |  |
|---|---|
| THE PEOPLE, | C091863 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CH036101 & CH036774) |
| v. | |
| CHRISTOPHER LEE NEWELL, | |
| Defendant and Appellant. | |

Defendant Christopher Lee Newell appeals the trial court's judgment sentencing him to an aggregate prison term of 14 years arising from three separate criminal cases. Relying upon *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues the trial court violated his right to due process under both the federal and state constitutions.  He reasons there is no evidence in the record supporting the trial court's determination that he would be able to pay the two $300 restitution fines (Pen. Code, § 1202.4, subd. (b))[1] imposed, and thus, these fines are unconstitutional under *Dueñas*. We disagree with *Dueñas* and will affirm the judgment.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL HISTORY

On July 9, 2018, the People filed a complaint in case No. CH036101 (the 2018 Case) charging defendant with attempted premeditated murder (§§ 664/187, subd. (a); count I); assault by a life prisoner (§ 4500; count II); assault by means of force likely to produce great bodily injury while confined in state prison (§ 4501, subd. (b); count III); and custodial possession of a weapon (§ 4502, subd. (a); count IV). As to counts I, II, and III, it was also alleged that defendant inflicted great bodily injury (§ 12022.7, subd. (a)) causing the offense to be a serious felony (§ 1192.7, subd. (c)(8)). It was further alleged that defendant had suffered two prior strikes (§ 667, subd. (b)-(i)) as to count I, and one prior strike (§ 667, subd. (b)-(i)) as to counts II, III, and IV.

On February 25, 2019, the People filed a complaint in case No. CH036774 (the 2019 Case) charging defendant with attempted premeditated murder (§§ 664/187, subd.(a); count I); assault by a state prisoner (§ 4501, subd. (a); count II); and custodial possession of a weapon (§ 4502, subd. (a); count III). As to counts I and II, it was also alleged that defendant inflicted great bodily injury (§ 12022.7, subd. (a)) causing the offense to be a serious felony (§ 1192.7, subd. (c)(8)). It was further alleged defendant had suffered a prior strike (§ 667, subd. (b)-(i)) as to counts I through III.

Defendant resolved both the 2018 and 2019 Cases through a plea agreement on August 15, 2019. In the 2018 Case, defendant pleaded guilty to an added charge of assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted the great bodily injury and prior strike enhancements. In the 2019 Case, defendant pleaded guilty to an added charge of assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted a prior strike enhancement. The parties agreed defendant would serve 11 years for the 2018 Case plus two years consecutive for the 2019 Case, and the remaining charges and enhancements were dismissed in each action.

Defendant was sentenced in the 2018 Case, the 2019 Case, and a third unrelated case that required resentencing on February 28, 2020. The court set the assault with a

deadly weapon count from the 2018 Case as the principal term, imposed the upper term of four years, doubled to eight years for the prior strike plus three years for the great bodily injury enhancement. The court imposed an additional two years consecutive for the 2019 Case (one-third the midterm for assault with a deadly weapon doubled) and a consecutive term of one year for the unrelated case. The court further imposed two $300 restitution fines (§ 1202.4, subd. (b)), two suspended $300 parole revocation restitution fines (§ 1202.45), and waived "the operation and conviction fees . . . in the interest of justice." Defendant's counsel objected under *Dueñas* that defendant was indigent and unable to pay the restitution fines. The trial court refused to stay the restitution fines on that basis. Defendant timely appealed this judgment in the 2018 Case and 2019 Case. He did not request certificates of probable cause.

## DISCUSSION

Defendant argues this court must strike the two $300 restitution fines imposed under section 1202.4 because there is no evidence in the record supporting his ability to pay them, and absent an ability to pay determination, they are unconstitutional under *Dueñas*.

*Dueñas* held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*) We are not persuaded that the analysis used in *Dueñas* is correct.

3

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp,* at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge.

**DISPOSITION**

The judgment is affirmed.

/s/
HOCH, J.

We concur:


/s/
BLEASE, Acting P. J.


/s/
RENNER, J.

4